TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Roberto Molina a.k.a Roberto Hernandez*

## IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Molina a.k.a.<br>Roberto Hernandez,<br><br>        Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc.; and<br>Bank of America, N.A.,<br><br>        Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, ROBERTO MOLINA A.K.A ROBERTO HERNANDEZ, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## **VENUE**

3.  The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4.  Venue is proper in the District of Arizona, Phoenix Division.

## **PARTIES**

5.  Plaintiff is a natural person residing in the City of Phoenix, Maricopa County, Arizona.

6.  The Defendants to this lawsuit are:

    a.  Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company that conducts business in the state of Arizona; and

    b.  Bank of America N.A. ("BoA") is a foreign national bank that conducts business in the state of Arizona.

2

**GENERAL ALLEGATIONS**

7. BoA is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $72.00 on Plaintiff's Experian credit disclosure.

8. The account reflected by the Errant Tradeline was closed by BoA. Plaintiff no longer has an obligation to make scheduled monthly payments to BoA. Defendant closed the account. Hence, the entire balance is presently due, and Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments.

9. The Errant Tradeline should be reported by BoA with a scheduled monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On July 17, 2020, Plaintiff obtained his Experian credit disclosure and noticed the tradeline reporting with an erroneous scheduled monthly payment amount.

11. On or about September 14, 2020, Plaintiff submitted a letter to Experian, disputing the Errant Tradeline.

12. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was closed. Plaintiff no longer has an obligation to make monthly

3

payments to BoA. He asked Experian to report the Errant Tradeline with the scheduled monthly payment amount as $0.00.

13. Experian forwarded Plaintiff's consumer dispute to BoA, and BoA received Plaintiff's consumer dispute from Experian.

14. On October 29, 2020, Plaintiff obtained his Experian credit disclosure, which showed that the monthly payment amount was changed to $50.00 and that Experian and BoA failed or refused to report the scheduled monthly payment amount as $0.00.

15. The Errant Tradeline is false and misleading to any user of Plaintiff's credit report who would consider extending credit to the Plaintiff. The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact, there is no such monthly obligation. This causes Plaintiff damage by reducing his opportunities for credit and employment.

16. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA, N.A.

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Experian of Plaintiff's consumer dispute of the erroneous monthly payment, BoA negligently failed to conduct a proper investigation of Plaintiff's disputes as required by 15 USC 1681s-2(b).

19. BoA negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to report the Errant Tradeline with a monthly payment of $0.00.

20. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiffs' consumer credit file with Experian to which it is reporting such Tradeline.

21. As a direct and proximate cause of BoA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. BoA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against BoA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BoA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA, N.A.

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, BoA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. BoA willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of BoA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. BoA is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment

against BoA for the greater of statutory or actual damages, plus punitive damages,

along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

7

34. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

8

40. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED:  March 12, 2021


By:___/s/   *Trinette G. Kent*_____
Trinette G. Kent
Attorneys for Plaintiff,
Roberto Molina a.k.a Roberto Hernandez

9